UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE M. VENTURA,<br>CDCR #T-40564,<br><br>                                        Plaintiff,<br><br>              vs.<br><br>CDCR, GUZMAN and ROBERTS,<br><br>                                        Defendants. | Case No.:  26cv0223-LL (DEB)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, and**<br><br>**(2) DISMISSING COMPLAINT WITH LEAVE TO AMEND PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

Plaintiff Jesse M. Ventura, a state prisoner housed at Centinela State Prison in Imperial, California, proceeding *pro se*, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983, alleging he was injured by the Defendants' negligence.  Doc. No. 1.  He has also filed a motion to proceed in forma pauperis ("IFP").  Doc. No. 2.

**I.     Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55, although the administrative fee does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee

Schedule, § 14 (eff. Dec. 1, 2023)).  The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).  Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has insufficient assets.  *See* 28 U.S.C. § 1915(b)(1)&(4); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).  Prisoners who proceed IFP must pay any remaining balance in "increments" or "installments," regardless of whether their action is ultimately dismissed.  28 U.S.C. § 1915(b)(1)&(2); *Bruce*, 577 U.S. at 84.

Plaintiff's prison certificate, which the Court construes as a motion to proceed in forma pauperis, shows an average monthly balance of $206.25 and average monthly deposits of $225.33 for the 6-months preceding the filing of this action, and an available balance of $0.25.  Doc. No. 4 at 4.  The Court **GRANTS** Plaintiff's motion to proceed IFP and declines to assesses the initial partial filing fee of $45.06 because it appears Plaintiff has insufficient funds to pay it.  *See Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.")  Plaintiff remains obligated to pay the $350 filing fee pursuant to the installment payment provisions of 28 U.S.C. § 1915(b)(1).

## II.     Screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

### A.     Standard of Review

Because Plaintiff is a prisoner proceeding IFP, his Complaint requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b).  Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous,

26cv0223-LL (DEB)

malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of § 1915A is to ensure that the targets of frivolous or malicious suits need not bear the expense of responding." *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (internal quote marks omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).") Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

**B.    Allegations in the Complaint**

On January 26, 2024, while housed at Centinela State Prison ("CSP"), Plaintiff had reconstructive surgery on his left knee at an outside hospital. Doc. No. 1 at 5. On February 23, 2024, he states that he had a physical therapy session at the Centinela Central Health Facility. (*Id*.) Plaintiff alleges that:

> Following therapy, Officers Acosta and Roberts, aka John Doe loaded me onto a motorized cart. I was shackled in waist chains and handcuffs. My left leg was immobilized in a brace due to the surgery. Ofc. Roberts aka John Doe was at the wheel of the cart and without warning or regard for the surroundings suddenly accelerated the vehicle which was parked in a tight space. My left foot got caught under an elevated trash can outside Central Health. Two CSP residents witnessed this incident: Ed Tolbert and Gabriel Perez. The force caused my left leg to twist and jerk. I felt immediate and excruciating pain in

3

26cv0223-LL (DEB)

my left knee and foot. I screamed out and Ofc. Acosta told Ofc. Roberts aka John Doe to stop the vehicle. I was placed in a wheelchair and taken into the triage area of Central Health. There my left knee and abrasions to my left foot were examined. The accident has damaged and prolonged my recovery from the left knee surgery. It has delayed and disrupted my physical therapy. I have required additional medical treatment beyond that from my surgery. My left knee was too swollen for months following the accident to have an MRI performed. I live in constant pain which impairs all my day to day activities. Ofc. Roberts aka John Doe's negligent operation of the motor vehicle was the legal proximate cause of the damages I suffered and still suffer including but not limited to my left knee and left foot. Per Government Code 844.6 (b) and (d) and Vehicle Code 17001, Ofc. Roberts aka John Doe's negligence renders him and CDCR and (A) Warden Fidencio Guzman liable for my injuries.

(*Id*.)

Plaintiff names as Defendants the California Department of Corrections and Rehabilitation ("CDCR"), CSP Acting Warden Guzman and CSP correctional officer Roberts. (*Id*. at 1.) He brings causes of action for general negligence, intentional tort, premises liability and under the vehicle code, and seeks money damages. (*Id*. at 3.)

### C.    Analysis

Although this action has been docketed as an action filed pursuant to 42 U.S.C. § 1983, the Complaint on its face presents only state law claims. Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate *federal* constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001) (emphasis added). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks omitted).

Prisoner medical care may amount to cruel and unusual punishment in violation of the Eighth Amendment, as applied to the States through the Fourteenth Amendment, when prison officers are "deliberately indifferent" to an inmate's "serious" medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). However, it is clear the allegation of negligence in the operation of the motorized cart fails to plausibly allege such a claim. "[D]eliberate indifference describes a state of mind more blameworthy than negligence"

4

26cv0223-LL (DEB)

and "more than ordinary lack of due care for the prisoner's interests or safety." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Negligence is not actionable under § 1983. *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

"[A] prison official violates the Eighth Amendment when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Id.* at 834, quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Second, Plaintiff must allege the prison official had a "sufficiently culpable state of mind," that is, "one of 'deliberate indifference' to inmate health or safety." *Id.,* quoting *Wilson*, 501 U.S. at 302-03. A prison official must "know[] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

The allegations in the Complaint with respect to the serious medical need prong in relation to Plaintiff's knee and foot are sufficient to survive the "low threshold" of screening required by 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for a deliberate indifference claim. *Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678; *Doty v. County of Lassen*, 37 F.3d 540, 546 n.3 (9th Cir. 1994) ("[I]ndicia of a 'serious' medical need include (1) the existence of an injury that a reasonable doctor would find important and worthy of comment or treatment, (2) the presence of a medical condition that significantly affects an individual's daily activities, and (3) the existence of chronic or substantial pain.")

However, the Complaint as drafted fails to plausibly allege any Defendant was deliberately indifferent to Plaintiff's serious medical needs. The deliberate indifference prong of an Eighth Amendment violation "is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). A prison official can be held liable only if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

26cv0223-LL (DEB)

Plaintiff alleges Defendant Roberts negligently operated the motorized cart. Doc. No. 1 at 5. There are no factual allegations Defendant Roberts was actually aware that the manner in which he operated the cart posed a substantial risk to Plaintiff. *See Farmer*, 511 U.S. at 837 (a prison "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."); *Id.* at 835 ("[D]eliberate indifference describes a state of mind more blameworthy than negligence" and "more than ordinary lack of due care for the prisoner's interests or safety.") If Plaintiff wishes to proceed with an Eighth Amendment claim against Defendant Roberts, he must plausibly allege Roberts was aware of facts from which he could have inferred that his use of the motorized cart presented a substantial risk to Plaintiff, actually drew such an inference, and failed to act to prevent the injury. *Id.*; *Jett*, 439 F.3d at 1096.

Plaintiff alleges Defendants CDCR and Acting Warden Guzman are responsible for Roberts' negligent handling of the motorized cart. Doc. No. 1 at 5. Plaintiff may not rely on a respondeat superior theory of liability under § 1983 but must allege facts which plausibly show each individual defendant was personally involved in the alleged constitutional violation. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983.") A prisoner must allege "(1) that the specific prison official, in acting or failing to act, was deliberately indifferent to the mandates of the eighth amendment and (2) that this indifference was the actual and proximate cause of the deprivation of the inmates' eighth amendment right to be free from cruel and unusual punishment." *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Supervisors may only be held liable if they were "personally involved in the constitutional violation or a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation." *Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1074-75 (9th Cir. 2013). Because Plaintiff has failed to plausibly allege a

26cv0223-LL (DEB)

constitutional violation arising from Roberts' negligent handling of the motorized cart, and has failed to allege Guzman was personally involved, he has failed to allege a causal connection between a constitutional violation and unlawful conduct by Defendant Guzman. *Id.* In addition, the CDCR is not a "person" for purposes of § 1983, and as an agency of the State of California is immune from private damage actions or suits for injunctive relief brought in federal courts under § 1983. *Brown v. California Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009) (citations omitted).

With respect to Plaintiff's state law claims, the Court may "decline to exercise supplemental jurisdiction" over any supplemental state law claim if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c); *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.") Because no federal claims remain in the Complaint, the Court declines to exercise supplemental jurisdiction over the state law claims.

Plaintiff's Complaint is dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim.

### D.     Leave to Amend

In light of Plaintiff's pro se status, the Court grants leave to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"), quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

## III.   Conclusion and Orders

Good cause appearing, the Court:

1.     **GRANTS** Plaintiff's Motion to Proceed IFP.  Doc. No. 2.

2.     **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee by collecting monthly payments from

26cv0223-LL (DEB)

Plaintiff's account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2).

3.    **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeff Macomber, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California 94283-0001.

4.    **DISMISSES** all claims against all Defendants in the Complaint without prejudice and with leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b).

5.    **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an amended complaint which cures the deficiencies of pleading noted in this Order.  Plaintiff's First Amended Complaint must be complete by itself without reference to his original Complaint.  Defendants not named and any claims not re-alleged in the First Amended Complaint will be considered waived.  *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")  A failure to amend will result in dismissal of this action for failure to state a claim and failure to prosecute.  *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

**IT IS SO ORDERED.**

Dated:  February 5, 2026

Honorable Linda Lopez
United States District Judge

26cv0223-LL (DEB)